IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN DONALD LEE JR.** <br><br> Plaintiff, <br><br> v. <br><br> **EZ SCREEN SOLUTIONS, LLC** <br><br> Defendant. | **Civil Action No.** |

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant EZ Screen Solutions, LLC. (hereafter "EZ Screen"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant EZ Screen is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as EZ

1

Screen. This action involves Defendant EZ Screen's systematic violation of several of those important rules.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Plaintiff Kevin Donald Lee Jr. is an adult individual who resides in Lake Ariel, PA.

8. Defendant EZ Screen is a business entity which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence. It regularly conducts business in the Middle District of Pennsylvania and has a principal place of business located at 5994 S Holly Street Suite #151 Greenwood Village, CO 80111.

## FACTUAL ALLEGATIONS

9. In or around January 2021, Plaintiff applied for employment through the employment staffing agency OneSource Staffing Solutions (herein after "OneSource").

10. As part of his job application, Plaintiff signed a document purportedly authorizing OneSource to obtain a consumer report for employment purposes.

11. OneSource requested from the Defendant and the Defendant sold to OneSource a consumer report concerning the Plaintiff, on or around January 7, 2021.

12. The consumer report furnished by Defendant was for employment purposes.

13. The consumer report furnished by Defendant contained at least one item of information which was a matter of public record and of the type of information that was likely

to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically through OneSource.

14. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties.

15. The inaccurate information includes, but is not limited to, three (3) criminal charges and one (1) criminal conviction, which do not belong to Plaintiff but belong to at least one other consumer (herein after the "inaccurate information"). The inaccurate information grossly disparages the Plaintiff and portrays him as being a convicted criminal, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

16. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff. Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer. Had Defendant followed reasonable procedures it would not have reported the inaccurate information, as any rudimentary check of the public records would have revealed these inaccuracies; such as middle name/initial, generational suffix, address and physical description.

17. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown since at least January 2021.

18. As a result of the inaccurate report Defendant sold to One Source in January 2021, Plaintiff was delayed starting employment. The basis for the delay was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was

not only a substantial factor for the termination but the only factor, as Plaintiff has no criminal records.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of a lost employment opportunities, lost wages, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
## PLAINTIFF v. DEFENDANT

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant Accurate, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN SOUMILAS, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
GEOFFREY BASKERVILLE, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19103
(215) 735-8600

Dated: September 8, 2021      ***Attorneys for Plaintiff***